UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAIN STREET AMERICA ASSURANCE :
COMPANY,                        :
                                :   Docket No.: 3:20-cv-30113
          Plaintiff,            :
                                :
V.                              :
                                :
PETER BUTTOLPH and              :
NICHOLAS PATTERSON,             :
                                :
          Defendants.           :

## COMPLAINT

1. The plaintiff, Main Street America Assurance Company ("MSA"), is an insurance company with a principal place of business in Jacksonville, Florida.

2. The defendant, Peter Buttolph ("Buttolph"), is an individual who resides in Sunderland, Massachusetts.

3. The defendant, Nicholas Patterson ("Patterson), is an individual who resides in Amherst, Massachusetts.

4. MSA issued Businessowners Policy No. MPP0680G issued to Buttolph for the policy period including March 5, 2018 to March 5, 2019 ("the MSA Policy").

5. Patterson has asserted a claim against Buttolph as a result of injuries allegedly sustained on or about August 24, 2018 at the property of Bruce and Galina Patterson located at 340 Montague Road in Amherst, Massachusetts. ("the underlying claim").

6. This is an action for declaratory judgment pursuant to Federal Declaratory Judgment Act, 28 U.S.C. § 2201 in which MSA seeks a declaration of the parties' rights and obligations under MSA Policy.

7. Upon information and belief, the amount in controversy exceeds $75,000.000, exclusive of interest and costs.

8. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that MSA and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

9. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

10. In the underlying claim, Patterson seeks alleged damages, including but not limited to medical expenses, exceeding $93,000 which were purportedly caused by Buttolph's negligent.

11. These claims arise out of the erection of a fence on the property of Bruce and Galina Patterson at 340 Montague Road in Amherst, Massachusetts.

12. Buttolph advised MSA he was helping the Patterson family to install a garden fence on the morning of August 24, 2018.

13. Patterson claims he was injured when a nail struck him in the eye while Buttolph was aligning a post.

14. Buttolph advised MSA that he volunteered to help with the fence installation as a favor to the Patterson family and did not intend to charge the Pattersons for his work.

15. Buttolph advised MSA that his help with the fence installation was not a job done in connection with his carpentry business.

## COUNT I

16. The plaintiff, MSA, repeats and realleges the allegations set forth in all prior paragraphs and incorporates them herein.

17. The MSA Policy provides, in part, as follows under **Section II – Liability**:

  **A. Coverages**

    **1. Business Liability**

      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. ...

      b. This insurance applies:

        (1) To "bodily injury" and "property damage only if:

          (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          (b) The "bodily injury" or "property damage" occurs during the policy period; and

          (c) . . .

18. The MSA Policy further provides in part as follows:

  **C. Who Is An Insured**

    1. If you are designated in the declarations as:

      a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

19. Buttolph is designated as an individual in the declarations of the MSA Policy.

20. Buttolph's activities at the time of the accident were not in connection with the conduct of his carpentry business.

21. Buttolph's purpose in performing the activity at the time of alleged accident was not to obtain monetary gain.

22. MSA Policy does not afford coverage to Buttolph for the claims and damages asserted by Patterson.

WHEREFORE, the plaintiff, Main Street America Assurance Company, seeks a judgment declaring that it has no duty to indemnify with respect to the underlying claim and awarding any other relief this Court deems just and proper.

**THE PLAINTIFF, MAIN STREET AMERICA ASSURANCE COMPANY, CLAIMS A JURY TRIAL ON ALL ISSUES.**

Plaintiff,
MAIN STREET AMERICA ASSURANCE COMPANY,
By Its Attorneys:

*/s/ Scott T. Ober*

_____
Scott T. Ober, Esquire (#567666)
sober@hassettanddonnelly.com
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA  01609
(508) 791-6287